**ORIGINAL**

**FILED**

06/13/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0286

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0286

RUSTY L. LIMBERHAND,

Petitioner,

v.

JENI NICHOLS, LISA MILLER,
and JIM SALMONSEN, Warden;
Montana State Prison

Respondents.

**FILED**

JUN 13 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Rusty L. Limberhand petitions this Court for habeas corpus relief, dually indicating that he is entitled to more jail time credit than he received and that he is entitled to good time against his sentence. Limberhand does not provide any supporting documentation.

Available electronic records indicate that the Yellowstone County District Court sentenced Limberhand on his guilty plea to felony theft for a three-year suspended term to the Department of Corrections (DOC) on November 23, 2021. At that time, the court awarded credit for time served for various dates in 2021, and the court stated that if Limberhand's sentence were to be revoked, he would receive a sentence of two years and 289 days. The District Court held a revocation hearing on December 20, 2022, whereby it revoked his sentence based on his admissions to probationary violations. The court imposed the DOC sentence of two years and 289 days upon revocation.

Limberhand argues that he is due more jail time credit because he was in and out of the Yellowstone County Detention Center during 2022. He provides the dates of his other arrests and states that he "feel[s] [those] days were lost due to in and out of jail while on probation for [his criminal case]." He points out that he did receive credit for street time from December 9 to December 29, 2021, or twenty days.

Upon review of the written Order of Revocation and Imposition of Sentence, Limberhand received credit for time served from June 1, 2022 through July 19, 2022. He also received credit for October 1, 2022, and November 28 to December 20, 2022. The court awarded him credit appropriately. Section 46-18-203(7)(b), MCA (2019).

With Limberhand's arrest on December 29, 2021, for criminal trespass to property, any credit in jail would be applied to that sentence if he received a conviction. For his January 9, 2022 arrest for stalking, the credit from his arrest to April 19, 2022, would be applied to his sentence for stalking not his sentence for felony theft. Furthermore, for those other time periods in 2022, Limberhand incurred non-compliance violations, such as new offenses, and thus, he is not due street time, or elapsed time, credit. Section 46-18-203(7)(b), and 46-18-203(11)(b)(i), MCA (2019). Lastly, we point out that Limberhand is not due good time credit. Good time credit applies to sentences imposed before 1995 because the Montana Legislature repealed the statute. Section 53-30-105, MCA (1995) (1995 Mont. Laws, ch. 372, §§ 12(2), 13, repeal eff. Oct. 1, 1997). Limberhand committed his offenses well after 1995.

Limberhand is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. He has not demonstrated that he is due additional credit for time served on his sentence upon revocation. Section 46-22-101(2), MCA. Limberhand has received the credit he was due. Therefore,

IT IS ORDERED that Limberhand's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record; to Jeni Nichols and Lisa Miller, CCP-East; and to Rusty L. Limberhand personally.

DATED this 13 day of June, 2023.

_____
Chief Justice

2

_____

_____

_____

_____
Justices